UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

|  |  |
|---|---|
| Jessica Hansen, on behalf of herself and other members of the putative class,<br><br>                  **Plaintiff,**<br><br>  vs.<br><br>The Coca-Cola Company,<br><br>                  **Defendant.** | Civil Action No.  4:23-CV-00026 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant The Cola-Cola Company ("Coca-Cola" or "Defendant") hereby removes this action pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri, Central Division. The grounds for removal are set forth below.

1. On November 14, 2022, Plaintiff Jessica Hansen commenced this action against Coca-Cola in the Circuit Court for Jackson County, Missouri's Sixteenth Judicial Circuit, which is within the United States District Court for the Western District of Missouri. On December 13, 2022, Defendant was served with the Summons and Petition ("Complaint" or "Compl.").

2. True and correct copies of the Complaint and Proof of Service are attached hereto as Exhibit A.

3. Pursuant to 28 U.S.C. § 1446(d), Coca-Cola will promptly give written notice of this Notice of Removal to Plaintiff's counsel and file a copy of the same with the Clerk of Court in the state court action.

4. This Notice of Removal is timely because it is filed within thirty days of Defendant's receipt of the Complaint by service, as required by 28 U.S.C. § 1446(b).

5. This Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), 1441(a), and 1453. This is a putative class action, comprised of more than 100 members, that places in controversy more than $5,000,000, and there is minimal diversity between the parties under § 1332(d)(2).

## PLAINTIFF'S COMPLAINT

6. Hansen is a resident of Jackson County, Missouri. Compl. ¶ 10.

7. Coca-Cola is a Delaware corporation with its principal place of business in Georgia. Compl. ¶ 11. Hansen's claims relate to allegedly misleading advertising with respect to the packaging of Coca-Cola's Topo Chico® Margarita Hard Seltzer products (the "Products"). Specifically, Hansen alleges that the Products' use of the flavor designation "Margarita" misleads reasonable consumers into believing that the Products contain tequila. Compl. ¶¶ 4-5.

8. Hansen seeks to litigate her claims on behalf of herself and a proposed nationwide class of consumers, as well as a subclass of consumers who "purchased one or more of Defendant's Topo Chico® Margarita Hard Seltzer products in Missouri . . . within the applicable statute of limitations period." Compl. ¶ 32.

9. Hansen claims that Coca-Cola "intended for consumers to think its Topo Chico® Margarita Hard Seltzer was simply a version of the margarita cocktail and contained the same key ingredients plus carbonated water." Compl. ¶ 23. She alleges that "[h]ad the packaging of Defendant's products clearly and conspicuously disclosed that they did not contain tequila, a reasonable consumer would not have purchased those products . . . ." Compl. ¶ 25.

10. Hansen asserts that Coca-Cola violated the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.010 *et seq.* (Count I), and further asserts common law claims for breach of express warranty (Count II) and breach of implied warranty of merchantability (Count III). Compl. ¶¶ 42-53, 54-62, 63-71.[1]

11. In Count I, Hansen seeks punitive and injunctive relief, and "such other equitable relief as the Court deems just and proper." Compl. ¶¶ 52-53.

12. In Count II, Hansen seeks "all damages afforded under the law." Compl. ¶ 62.

13. In Count III, Hansen seeks "all damages afforded under the law." Compl. ¶ 71.

14. Hansen also seeks "attorney's fees and litigation costs," "pre-and post-judgment interest on any amounts awarded," and "such other and further relief as may be just and proper." *See* Compl. Prayer for Relief ¶¶ E-G at 14.

15. As explained below, this Court has jurisdiction over Hansen's action, and it is properly removed to this Court.

**BASIS OF FEDERAL JURISDICTION UNDER CLASS ACTION FAIRNESS ACT**

16. This action is removable to this Court because federal diversity jurisdiction, 28 U.S.C. § 1332, exists over Hansen's claims pursuant to the Class Action Fairness Act of 2005, Pub L. 109-2, 119 Stat. 4 (2005) ("CAFA"), codified in various sections of Title 28 of the United States Code including 28 U.S.C. §§ 1332(d) and 1453.

17. CAFA provides that a class action against a non-governmental entity may be removed to federal court if: (1) the number of proposed class members is not less than 100; (2) any member of the proposed class is a citizen of a state different from any defendant; and

---

[1] Coca-Cola does not admit the underlying facts as alleged by Hansen or as summarized herein and expressly denies any liability to Hansen and the putative class.

(3) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5), & 1453(b).

18. As set forth below, all of the requirements for removal are satisfied.

### A. There Are More Than 100 Putative Class Members.

19. CAFA's first requirement that the proposed class contain at least 100 members is satisfied. *See* 28 U.S.C. § 1332(d)(5).

20. Hansen brings her claims on behalf of a proposed nationwide class and a proposed subclass of "[a]ll natural persons who purchased one or more of Defendant's Topo Chico® Margarita Hard Seltzer products in Missouri for personal, family, or household purposes within the applicable statute of limitations period." Compl. ¶ 32.

21. Hansen admits that there are "likely at least a thousand class members." Compl. ¶ 33.

22. The size of Hansen's proposed class is therefore in excess of 100 members and meets the threshold for CAFA jurisdiction.

### B. Minimal Diversity Exists Between the Parties.

23. CAFA's second requirement that any one member of the proposed class be a citizen of a state different from any defendant is satisfied. *See* 28 U.S.C. § 1332(d)(2).

24. Hansen alleges that she resides in Missouri. Compl. ¶ 10. As such, Hansen is a citizen of Missouri.

25. At the time this lawsuit was filed and at all times since, Coca-Cola was and is a Delaware corporation with its principal place of business in Georgia. Therefore, at the time this action was filed and at all times since, Coca-Cola was and is a citizen of Delaware and Georgia. *See* 28 U.S.C. § 1332(c)(1).

26. The complete diversity between Hansen and Coca-Cola not only satisfies CAFA's minimal diversity of citizenship requirement but also precludes application of the "local controversy" or "home state" exceptions of 28 U.S.C. §§ 1332(d)(3) and (d)(4).

### C. The Amount in Controversy Exceeds $5,000,000.

27. CAFA's third requirement that the amount in controversy, exclusive of interest and costs, must exceed $5,000,000 is also satisfied. *See* 28 U.S.C. § 1332(d)(2).

28. For purposes of removal, a defendant need only make a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

29. "'A party seeking to remove under CAFA must establish the amount in controversy by a preponderance of the evidence.'" *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013) (quoting *Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009)). "[W]hen determining the amount in controversy, the question is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Raskas*, 719 F.3d at 887 (internal quotation marks omitted). Once the defendant makes such a showing, "the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Id.* at 888 (internal quotation marks omitted). If the defendant has established, by a preponderance of the evidence, that the jurisdictional minimum has been met, "remand is only appropriate if the plaintiff can establish to a *legal certainty* that the claim is for less than the requisite amount." *Bell*, 557 F.3d at 956 (emphasis added).

30. Although Coca-Cola disputes liability and damages, as explained below, Hansen's claims on behalf of herself and the putative class for compensatory, statutory, and punitive damages; attorneys' fees; and injunctive relief, if granted, would exceed $5 million.

(1)     A Reasonable Estimate of Compensatory Damages Exceeds $5,000,000.

31.     To determine whether the amount in controversy exceeds the sum or value of $5,000,000, the claims of the individual class members must be aggregated.  28 U.S.C. § 1332(d)(6).

32.     Hansen has failed to specify the amount of compensatory damages sought.  *See generally* Compl. Prayer for Relief.

33.     However, Hansen's theory of damages puts at issue the national sales of the Products.  Hansen alleges that she and the putative class members "would not have purchased [the products] or would have paid significantly less for them" had they known that the products did not contain tequila, and Hansen seeks "all damages afforded under law," including compensatory damages.  Compl. ¶¶ 61, 62, 70, 71, Compl. Prayer for Relief ¶ C at 14.  Plaintiff also claims that "thousands of packages" of the Products have been sold to class members, and that "[t]here are likely at least a thousand class members."  Compl. ¶ 33.  The amount in controversy, as alleged in the complaint, is therefore at least the total price paid by all consumers in the alleged class for the Products within the statutory period of limitations.

34.     Removing defendants may establish the amount in controversy under CAFA by using the sales figures of a product.  *Raskas*, 719 F.3d at 888.  Nationwide sales of the Products during the statutory period significantly exceed $37,028,270.  *See* Exhibit B.[2]  The amount in controversy thus exceeds CAFA's jurisdictional threshold based on estimated compensatory damages alone.  As noted above, Coca-Cola need only make a plausible allegation that the

---

[2] Coca-Cola's statements regarding the amount in controversy are in no way an admission of liability or wrongdoing.  *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 945 (8th Cir. 2012) ("The removing party need not confess liability in order to show that the controversy exceeds the [CAFA] threshold.") (internal quotation marks omitted).

amount in controversy exceeds $5,000,000 and is not required to submit evidence in support of those allegations. *See Dart*, 135 S. Ct. at 554. Nevertheless, Coca-Cola has provided an estimate of the sales of the Products during the statutory period, as set forth in Exhibit B.

35. Moreover, Hansen also seeks unspecified "statutory" and "punitive" damages. *See* Compl. Prayer for Relief ¶ C at 14. These sums raise the amount in controversy further.

(2) An Estimate of Reasonable Attorneys' Fees Further Supports CAFA Jurisdiction.

36. Under the MMPA, attorneys' fees may be awarded to the prevailing party based on the amount of time reasonably expended, *see* Mo. Rev. Stat. § 407.025.2(2), and may be considered in establishing the jurisdictional threshold. *See Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) (statutory attorneys' fees are considered in determining whether the jurisdictional minimum has been met); *Chochorowski v. Home Depot USA*, 585 F. Supp. 2d 1085, 1093 (E.D. Mo. 2008) ("Defendant is correct that in determining the amount in controversy . . . attorney's fees are considered.").

37. Hansen seeks payment of "attorneys' fees and litigation costs" to members of the purported class. *See* Compl. Prayer for Relief ¶¶ E at 14.

38. In determining the amount of fees to award, Missouri courts consider various factors such as "(1) rates customarily charged by the attorneys involved in the case and by other attorneys in the community for similar services; (2) the number of hours reasonably expended on the litigation; (3) the nature and character of the services rendered"; "(4) the degree of professional ability required; (5) the nature and importance of the subject matter; (6) the amount involved or the result obtained; and (7) the vigor of the opposition." *McNamee*, , at *5-*6 (citing *Gilliland v. Missouri Athletic Club*, 273 S.W.3d 516, 23 (Mo. 2009)). "While the Eighth Circuit has not yet addressed the issue, the majority of district courts within this circuit have held that

attorney fees incurred post-removal are includable in the amount in controversy calculation so long as they are reasonable." *Id.* at *6 n.2 (internal quotation marks omitted).

39. Where litigation involves MMPA claims, Missouri courts have concluded that it is "more likely than not that attorney's fees [will] be large considering the expected length of the litigation, the risk and complexity involved in prosecuting class actions, and the hourly rates charges." *Fischer v. Vital Pharm.*, 2022 WL 1185153, at *2 n.2 (E.D. Mo. Apr. 21, 2022) (internal quotations omitted). "[C]ourts in this circuit have recognized that a 33% attorneys' fee award is possible in these cases." *Muller v. Blue Diamond Growers*, 2022 WL 4119947, at *3 (E.D. Mo. Sept. 9, 2022). Indeed, attorneys' fees awarded in prior class actions asserting false labeling claims under the MMPA support a substantial estimate in this case. *See, e.g.*, *Rawa v. Monsanto Co.*, 2018 WL 2389040, at *9 (E.D. Mo. May 15, 2018) (approving fee award of $6,020,000); *In re Blue Buffalo Co. Ltd. Marketing and Sales Practices Lit.*, Case No. 4:14-MD-2562 (E.D. Mo. 2016), ECF No. 215 at ¶ 10 (approving attorney's fees in amount of $7,847,946 and expenses in amount of $152,054).

      (3) <u>The Value of an Injunction Further Supports CAFA Jurisdiction</u>.

40. The availability of injunctive relief places the amount in controversy further in excess of $5,000,000. Injunctive relief is available pursuant to the MMPA. Mo. Rev. Stat. § 407.025.2. The potential value of injunctive relief is aggregated with attorneys' fees and compensatory damages to determine if the amount in controversy exceeds the CAFA threshold. *Basham v. Am. Nat'l Cnty. Mut. Ins. Co.*, 979 F. Supp. 2d 883, 891 (W.D. Ark. 2013). The amount in controversy in class actions requesting an injunction may be determined by the cost of compliance by Defendant. *See id*.

41. Hansen explicitly requests injunctive relief pursuant to the MMPA. *See* Compl. ¶ 53.

42. The value of an injunction in this case, in connection with the other forms of relief, exceeds the CAFA threshold. The potential costs of such an injunction would be significant. The packaging for the Products may have to be redesigned. In addition, all existing inventory may have to be recalled and destroyed. The corresponding costs to Coca-Cola and its authorized independent manufacturers, while difficult to quantify, may well exceed $7.6 million.

43. Accordingly, given Defendant's potential liability for damages, attorneys' fees, and injunctive relief, the amount in controversy well exceeds $5,000,000.

## COCA-COLA HAS COMPLIED WITH ALL PREREQUISITES FOR REMOVAL

44. For all of the foregoing reasons, this action is properly removed to this Court.

45. Coca-Cola reserves the right to amend or supplement this Notice of Removal, and reserves all rights and defenses, including those available under Federal Rule of Civil Procedure 12.

WHEREFORE, Defendant Coca-Cola respectfully removes this action from the Circuit Court of Jackson County, Missouri (Case No. 2216-CV27026), to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

Dated: January 12, 2023

        Respectfully submitted,

        /s/ Mitchell F. Engel\_\_
        Mitchell F. Engel
        SHOOK, HARDY & BACON LLP
        2555 Grand Boulevard
        Kansas City, MO 64108
        (816) 474-6550
        mengel@shb.com

        Steven A. Zalesin (*pro hac vice forthcoming*)
        Jane Metcalf (*pro hac vice forthcoming*)
        PATTERSON BELKNAP WEBB & TYLER LLP
        1133 Avenue of the Americas
        New York, NY 10036-6710
        Telephone: 212-336-2000
        Facsimile: 212-336-2222
        sazalesin@pbwt.com
        jmetcalf@pbwt.com

        *Attorneys for The Coca-Cola Company*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 12, 2023, the foregoing was served on all parties by operation of this Court's Electronic Filing System.

        /s/ Mitchell F. Engel
        Mitchell F. Engel